*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF WILLIAM PATRICK MCNEIGHT.

| | |
|---|---|
| CHRISTINE BRADLEY, Personal Representative of the ESTATE OF WILLIAM PATRICK MCNEIGHT, | UNPUBLISHED<br>July 2, 2019 |
| Appellant, | |
| v | No. 340777<br>Wayne Probate Court |
| JULIANNE MCNEIGHT, | LC No. 2015-810259-DE |
| Appellee/Cross-Appellee, | |
| and | |
| WILLIAM GERARD MCNEIGHT, | |
| Cross-Appellant. | |

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

Servitto, J. (*dissenting*).

I respectfully dissent. I would remand for, at a minimum, further finding of facts.

From 2003 through 2012, decedent opened and closed several IRA accounts. The first two accounts were opened in 2000 and 2003. The account opened in 2000 named all of the decedent's children as beneficiaries, and the account opened in 2003 named Julianne McNeight as beneficiary. Both of these accounts were closed at the same time, with the funds reinvested into a single IRA CD in 2004. The account naming all of the decedent's children as beneficiaries contained over $20,000.00 when it was reinvested, and the account naming Julianne McNeight as a beneficiary contained approximately $500.00 when it was reinvested. All of the funds from the new consolidated IRA CD were withdrawn in 2007 and paid in cash to the decedent. The

-1-

decedent thereafter opened an RMMA in 2007, and it appears this account may have contained a traditional IRA adoption agreement naming one of decedent's daughters (not Julianne McNeight) as the beneficiary. Eric Molitor testified that he was unaware of the adoption agreement, as Chase's brokerage services department had not provided it to him. The RMMA account remained active until 2014, when Chase apparently eliminated the account and placed all funds from that account into an IRA brokerage account that decedent had opened with the assistance of Molitor in 2012. Given the various accounts that were opened and closed, the varying beneficiary designations on the various accounts, the lack of complete information regarding the various accounts, Molitor's lack of knowledge concerning any other (but now produced) IRA adoption agreement, and the affidavits and testimony concerning the decedent's intent with respect to the IRA brokerage account at issue in this matter, I am not convinced that Chase Bank (and the trial court) did not err in determining the applicable beneficiary of the IRA brokerage account at issue. Chase Bank did, after all, make a determination that Julianne McNeight was the beneficiary of the account prior to Molitor's deposition and prior to any affidavits (or other discovery) being supplied. I believe further factual development is required in order to resolve this matter.

/s/ Deborah A. Servitto